# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| CARMELLIA CALMESE, individually and on behalf of a class of similarly situated individuals, | ) ) ) | |
| *Plaintiff*, | ) ) | No. |
| v. | ) ) | |
| UBER TECHNOLOGIES, INC, a Delaware Corporation, | ) ) ) | Judge: |
| *Defendant*. | ) ) | |

## CLASS ACTION COMPLAINT

Plaintiff Carmellia Calmese ("Plaintiff"), on behalf of herself and all others similarly situated, brings this Class Action Complaint against Defendant Uber Technologies, Inc. ("Uber") for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA"). Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE ACTION

1.  Plaintiff brings this class action in an effort to remedy the damages suffered by her, as well as all other similarly situated individuals, as a result of Defendant Uber's unlawful conduct of sending unsolicited automated text message advertisements to the cellular telephones of individuals across the country.

2.  Defendant provides transportation services to thousands of customers across the country, including customers in this District, through its mobile "Uber" application that connects customers needing a car ride to Defendant's network of drivers.

1

3. To promote its transportation service and increase the number of customers using it, Defendant implemented an ad campaign where it sent unauthorized text message advertisements encouraging individuals to sign up and become an Uber driver.

4. Such unauthorized text message advertisements are prohibited under the TCPA as they have been found by Congress to constitute an invasion of privacy. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012) (citing Pub. L. 102-243, § 2, 105 Stat. 2394 (1991)).

5. Besides being an invasion of privacy and a nuisance, unauthorized text message advertisements such as those received by Plaintiff and the putative Class members also cause recipients actual harm. Unauthorized text messages are automatically stored on the recipients' cell phones and thus consume some of the limited memory storage space that would otherwise be available to the recipient. In addition, individuals who receive such messages also suffer monetary damages because they are charged by their cell phone carriers for receipt of such messages even though the messages are unauthorized.

6. Having herself suffered an invasion of her privacy as a result of receiving an unauthorized text message advertisement from Defendant, as well as finding that Uber's text message was not only stored on her cellular telephone but would also result in her paying her cell phone carrier for receiving the text message, Plaintiff now seeks to redress these injuries and brings this class action under the TCPA which prohibits such text message calls to consumers' cell phones and allows for damages, costs, reasonable attorneys' fees, and injunctive relief to prevent Defendant from sending any further unauthorized messages.

**PARTIES**

7. Plaintiff is a resident of Cook County, Illinois.

8. Defendant Uber is the operator of an on-demand transportation service that connects passengers/customers to its network of drivers through its mobile "Uber" application. Uber has its principal place of business in California and is a Delaware corporation. Uber provides its transportation services throughout the United States, including in Illinois and in this District.

## JURISDICTION AND VENUE

9. This action is brought under the TCPA, a federal statute, and the Court accordingly has subject matter jurisdiction under 28 U.S.C. § 1331.

10. Venue is also proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b) as Uber conducts business in this District, Plaintiff resides in this District, and the underlying events that gave rise to this case occurred in this District, as that is where the unauthorized text message advertisement was received by Plaintiff.

## COMMON ALLEGATIONS OF FACT

11. Uber relies on its network of drivers to provide transportation services to its customers. In an effort to sign up more drivers for its service and increase revenue by providing more rides to more customers, Uber engaged in an unlawful advertising campaign featuring text message advertisements sent to individuals throughout the country.

12. On Saturday evening, October 24, 2015, Plaintiff received one such text message advertisement from Uber promoting its transportation service and asking her to join Uber's driver network.

13. The text message advertisement Plaintiff received was generic in content and did not identify Plaintiff by name.

14. The text message advertisement Plaintiff received was sent as part of Uber's text message advertisement campaign that utilized an Automatic Telephone Dialing System which had the capacity to function in a manner similar to that of a predictive dialer by automatically sending text messages to a list of cell phone numbers without any human intervention and dialing such numbers sequentially.

15. Plaintiff has never consented to received text messages from Uber either orally or in writing, and the unauthorized text message Plaintiff received was entirely unsolicited.

16. The text message invaded her privacy and interfered with her activities when she received it on Saturday evening, October 24, 2015. Plaintiff also found Uber's unauthorized text message to be a nuisance and had to spend time reviewing the message and determining why she had received it.

17. In addition, the text message took up space on her cell phone's memory storage as it was automatically stored on her cell phone when Uber sent the message.

18. Even though Plaintiff had not consented for Uber to send the unauthorized text message advertisement, Plaintiff nonetheless had to pay her cellular phone carrier for receipt of the message.

19. Plaintiff has suffered actual, concrete harm as a result of Uber's conduct in sending the text message and her cellular telephone is at risk of receipt of additional spam text message advertisements from Defendant.

## CLASS ALLEGATIONS

20. Plaintiff brings this action on behalf of herself and a nationwide class of individuals who similarly received unauthorized text message advertisements from Uber and that is defined as follows:

> The Class: All persons in the United States and its Territories whose cellular phones were sent one or more text message advertisements by or on behalf of Uber Technologies, Inc. since October 16, 2013 without providing prior express written consent to receive such messages.

21. If this case were not to proceed as a class action, most members of the Class would not have any effective remedy as the costs of litigating their claims against Uber would be prohibitive.

22. A class action is also the superior method of adjudicating the putative Class members claims given that the alternative is a large number of individual claims involving the same core set of facts and legal issues being litigated in courts across the country. A class action will conserve the resources of the courts, the putative Class members, and Uber itself, while helping to avoid any inconsistent rulings.

23. Uber has acted and failed to act on grounds generally applicable to Plaintiff and the other Class members in placing the unauthorized automated text message advertisements at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members.

24. Uber's uniform conduct of sending unauthorized text messages caused the same injuries to Plaintiff and the other members of the Class, and Uber's liability to Plaintiff and the putative Class similarly implicates identical underlying facts and raises identical legal issues.

25. Upon information and belief, Uber sent unauthorized automated text message advertisements to hundreds, if not thousands, of members of the Class, as evidenced by the generic nature of the text message Plaintiff received as well as the fact that the text message was sent without Plaintiff's consent and in an effort to advertise Uber's transportation service to potential drivers across the country. Given the large number of potential Class members, joinder of all members is impracticable.

26. Common questions of law and fact exist as to all Class members, and these questions predominate over any questions that may affect Plaintiff or individual members of the Class. These common questions include, but are not limited, to whether:

    (i) Uber and/or its agents sent one or more text message advertisements to the Class members?

    (ii) Uber and/or its agents used an automatic telephone dialing system to send the text message advertisements at issue?

    (iii) Uber and/or its agents transmitted text message advertisements after October 16, 2013, to persons who did not previously provide Uber with prior express written consent to receive such messages?

    (iv) The text message advertisements distributed by Uber violated the TCPA?

    (v) The Class members are entitled to treble damages based on the willfulness of Uber's conduct?

    (vi) Uber should be enjoined from engaging in such conduct in the future?

27. Plaintiff will be an adequate Class representative who will fairly and vigorously represent and protect the interests of the other members of the Class. Plaintiff does not have any interests adverse to those of the other Class members.

28. Plaintiff's counsel has substantial experience in prosecuting complex civil cases, and specifically, class actions involving the same factual and legal issues as those here.

Plaintiff's counsel is committed to vigorously prosecuting this action on behalf of the Class members. Plaintiff's counsel does not have any interests adverse to those of the other Class members.

29. Plaintiff and Plaintiff's counsel have the financial resources necessary to prosecute this action.

## COUNT I
### Violation of the Telephone Consumer Protection Act (47 U.S.C. § 227, et seq.) on behalf of the Class

30. The foregoing allegations are incorporated by reference as if fully set forth herein.

31. Uber placed unauthorized text message advertisements to the cell phones of Plaintiff and the other members of the Class using an ATDS that had the capacity to function similar to a predictive dialer by automatically sending text messages to a list of cell phone numbers without any human intervention and dialing such numbers sequentially.

32. These text messages were sent without the prior express written consent of Plaintiff or any of the other members of the Class.

33. By sending these unauthorized text message advertisements Uber has violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and Plaintiff and the other members of the Class are each entitled to, *inter alia,* at least $500.00 in damages for each such violation of the TCPA under section 227(b)(3)(B).

34. Uber has also violated Plaintiff's privacy rights, as well as the privacy rights of the other members of the Class. Plaintiff and the other members of the Class also suffered actual damages as a result of having to pay their wireless service providers for receipt of the unauthorized text messages and because the messages used up memory storage on their phones.

35. To the extent Uber is found to have known, or that it should have known, that it did not have valid prior express written consent to send the text message advertisements at issue, the Court should treble the amount of statutory damages recoverable by Plaintiff and members of the Class pursuant to section 227(b)(3)(C).

WHEREFORE, Plaintiff, on behalf of herself and the Class, prays for the following relief:

    I.    An order certifying the Class as defined above;

    II.    An award of statutory damages;

    III.    An injunction requiring Uber to cease sending unauthorized text message advertisements;

    IV.    An award of reasonable attorneys' fees and costs; and

    V.    Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

June 16, 2016

Carmellia Calmese, individually and on behalf of a class of similarly situated individuals

By: /s/ Michael J. McMorrow
Michael J. McMorrow
McMORROW LAW, P.C.
One North LaSalle Street, 44th Floor
Chicago, Illinois 60602
Tel: (312) 265-0708
mike@mjmcmorrow.com

*Attorneys for Plaintiff and the Putative Class*